IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC., | : | CIVIL ACTION |
| | : | |
| | : | No. 19-2777 |
| v. | : | |
| | : | |
| HMC, INC., et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**　　　　　　　　　　　　　　　　　　　　　　　　　　**October 2, 2019**

　　　　Plaintiff Complete Business Solutions Group, Inc. filed a confession of judgment against Defendants HMC, Inc. and Kara DiPietro. The Philadelphia Court of Common Pleas entered judgment for Complete Business and against HMC and DiPietro for $11,985,719.32. HMC and DiPietro removed the case to federal court and moved to strike or open the judgment. Because the confession of judgment has errors on its face, the Court will grant HMC's motion to strike.

**BACKGROUND**[1]

　　　　HMC is a construction company owned by Kara DiPietro. Complete Business is a company that buys future receivables from small businesses.[2] Over the course of a year, Complete Business spent approximately $10.8 million to buy approximately $14.4 million of HMC's future receivables. Complete Business made this purchase over a series of five transactions, each of which was memorialized in a written contract between Complete Business and HMC.

　　　　These contracts had "warrants of attorney" which allowed Complete Business to file for a confession of judgment. The warrants of attorney provided:

---

[1] These facts are recited in the light most favorable to Complete Business because a motion to strike must be based on only the documents a plaintiff files in support of its confession of judgment. *Resolution Tr. Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996).

[2] Future receivables are money the business expects to receive, typically money owed to the business by its customers.

1

> Upon the occurrence of a violation of the representations and warranties made heretofore by merchant, merchant irrevocably authorize[s] and empower[s] any attorney or any clerk of any court of record to appear for and confess judgment against merchant for such sums as are due or may become due under this merchant agreement.

Pl.'s Answer to Notice of Removal Ex. A 6. At the beginning of each contract, it explains that the term "merchant" refers to "HMC incorporated." *Id.* at 2. Kara DiPietro signed each contract "for the seller/merchant." *Id.*

Attached to these contracts was a "Disclosure for Confession of Judgment." The disclosure stated, "the merchant acknowledges and agrees that the above documents contain provisions under which oblige [Complete Business] may enter judgment by confession against the merchant." *Id.* at 9. Kara DiPietro signed each disclosure. Next to her signature on the disclosures were the words:

> Seller/merchant
> By: Kara DiPietro

*Id.* DiPietro also signed a separate guaranty that made her personally liable for any money HMC did not pay under the contracts. *Id.* at 10. In this guaranty, DiPietro was referred to as the "guarantor" and HMC was referred to as "merchant." *Id.* The guaranty did not include a warrant of attorney.

According to Complete Business, HMC owes it approximately 11 million dollars in receivables under these contracts. On May 13, 2019, it filed a complaint and a confession of judgment in the Philadelphia Court of Common Pleas. Along with its complaint, Complete Business filed six agreements signed by HMC. One of those six agreements was between HMC and Fast Advance Funding (a separate corporation owned by the same person as Complete Business). Complete Business conceded it included the Fast Advance Funding agreement by mistake. Pl.'s Answer at 21.

The Court of Common Pleas entered a confession of judgment in favor of Complete Business and against HMC and DiPietro. The judgment was for $11,985,719.32, including

2

$7,501.04 in interest and $570,391.35 in attorneys' fees. HMC and DiPietro removed this case to federal court and moved to strike or open the confessed judgment.

**DISCUSSION**

A confession of judgment is a Pennsylvania procedure that lets a plaintiff obtain a judgment while skipping almost all the steps in an ordinary litigation. Pa. R. Civ. P. 2950-2967. The defendant, however, must agree to this procedure in advance by signing a warrant of attorney. Pa. R. Civ. P. 2952(a)(8), 2962. After the court enters a confession of judgment, the defendant's only remedy is to move to strike or open the judgment. Pa. R. Civ. P. 2959. Pennsylvania law governs substantive challenges to a confession of judgment. *See F.D.I.C. v. Deglau*, 207 F.3d 153, 166 (3d Cir. 2000).

When a defendant moves to strike, it is asking the court to put the parties back in the position they would be if the judgment had never been entered. *See Resolution Tr. Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996). To succeed on a motion to strike, a defendant must show that the plaintiff's complaint and supporting papers do not support the judgment. *Id.* A defendant cannot rely on extrinsic evidence in a motion to strike. *Id.*

Unlike a motion to strike, a motion to open does not get rid of the judgment. Instead, a motion to open gives the parties an opportunity to conduct discovery and resolve factual disputes about the judgment. *See id.* Granting a motion to open is appropriate when the defendant has raised a plausible defense to the confession of judgment. *See Deglau*, 207 F.3d at 168.

HMC's motion to strike will be granted because there are at least two mistakes in the confession of judgment.[3] The first mistake in the judgment is its inclusion of the Fast Advance

---

[3] Because it will grant the motion to strike, the Court does not reach HMC's alternative request for the Court to open the judgment.

Funding contract. Unless the contract was assigned to it, Complete Business cannot enforce a contract it did not sign. *Manor Bldg. Corp. v. Manor Complex Assocs., Ltd.*, 645 A.2d 843, 846 (Pa. Super. Ct. 1994); Pa. R. Civ. P. 2954. Complete Business admits that the Fast Advance Funding agreement "was incorrectly included in [its] confessed judgment." Pl.'s Answer at 21. According to Complete Business, the judgment should be reduced by $349,455.05. Since the amount in the confessed judgment is wrong, this Court cannot enforce it and it must be stricken. *See Germantown Sav. Bank v. Talacki*, 657 A.2d 1285, 1291 (Pa. Super. Ct. 1995) (stating a confession of judgment should be stricken when it is clear from the record filed with the judgment that the judgment amount is "unauthorized by the instrument").

The second mistake in the judgment is it is against both HMC and DiPietro in her personal capacity. The warrants of attorney attached to the judgment say, "merchant irrevocably authorize[s] and empower[s] any attorney or any clerk of any court of record to appear for and confess judgment *against merchant*." Pl.'s Answer to Notice of Removal Ex. A, at 6. The contracts then defined the merchant as HMC. *Id.* at 2. Pennsylvania law instructs courts to apply the exact language of a warrant of attorney when they enforce a confession of judgment. *See Neducsin v. Caplan*, 121 A.3d 498, 505 (Pa. Super. Ct. 2015). A judgment "will be stricken" if it is not "made in rigid adherence to the provisions of the warrant of attorney." *Id.* And the warrant "will be strictly construed, with any ambiguities resolved against the party in whose favor the warrant is given [i.e., Complete Business]." *Id.* Here the language in the warrant of attorney is clear. It says "against merchant." Pl.'s Answer to Notice of Removal Ex. A, at 6. It does not include DiPietro.

Despite this clear language, Complete Business argues the Court should interpret the word "merchant" to mean both HMC and DiPietro. This argument fails for three reasons. First, the agreement itself explains that merchant refers to HMC. Pl. 's Answer to Notice of Removal Ex. A

4

at 2. Second, the agreement uses the separate word "guarantor" to refer to DiPietro in her personal capacity. *Id.* at 10. Indeed, Complete Business's complaint in support of its confession of judgment uses this exact terminology. It says "Defendant HMC INCORPORATED ('*Merchant*') is believed to be a Maryland corporation" and "Defendant KARA DIPIETRO ('*Guarantor*'), is believed to be an adult individual." Defs.' Notice of Removal Ex. A, at 14 (emphasis added). Third, Complete Business argues the term merchant is ambiguous because DiPietro signed the disclosures next to the word "seller/merchant." Even if the Court found that this signature created an ambiguity in the warrant of attorney, the Court must construe the ambiguity against Complete Business. *Neducsin v. Caplan*, 121 A.3d at 505.

Because it is apparent from Complete Business's complaint and supporting papers that the confession of judgment is for the wrong amount and against the wrong parties, HMC's motion to strike will be granted.[4] Complete Business is free to file a revised confession of judgment in the Court of Common Pleas. It is also free to preserve its claims by asserting them as counter-claims in the related action, *HMC Inc. v. Complete Business Solutions Group, Inc.*, No. 19-3285 (E.D. Pa. filed July 26, 2019).

An appropriate order follows.

BY THE COURT:


 /s/ Juan R. Sánchez 
Juan R. Sánchez, C.J.

---

[4] The Court will not address HMC's objections to the other alleged errors in the judgment because it will grant the motion to strike on these two grounds.